```
1
2
3
4
5
6                      UNITED STATES DISTRICT COURT
7                     EASTERN DISTRICT OF CALIFORNIA
8
9  ELVIN VALENZUELA and PHYLLIS     )  1:08-cv-1179 OWW SMS
   VALENZUELA, individually, and on )
10 behalf of themselves and all     )  SCHEDULING CONFERENCE ORDER
   others similarly situated        )
11                                  )  Class Certifications Motion
               Plaintiffs,          )  Filing Deadline: 9/16/09
12                                  )
        v.                          )  Opposition to Class
13                                  )  Certification Motion Filing
   AMERICAN HOME MORTGAGE           )  Deadline: 10/14/09
14 INVESTMENT TRUST 2005-2,         )
   AMERICAN HOME MORTGAGE           )  Reply to Class
15 SECURITIES LLC, WELLS FARGO      )  Certification Motion Filing
   BANK, N.A., DEUTSCHE BANK        )  Deadline: 11/12/09
16 NATIONAL TRUST COMPANY and DOES  )
   1 through 10, inclusive,         )  Class Certification Hearing
17                                  )  Date: 12/7/09 10:00 Ctrm. 3
               Defendants.          )
18                                  )
                                    )
19
20
21 I.   Date of Scheduling Conference.
22      April 17, 2009.
23 II.  Appearances Of Counsel.
24      Browne Woods George LLP by Lee A. Weiss, Esq., appeared on
25 behalf of Plaintiff.
26      Severson & Werson by Erik Kemp, Esq., appeared on behalf of
27 Defendants American Home Mortgage Investment Trust 2005-2 and
28 Deutsche Bank National Trust Company.
```

III. Summary of Pleadings.

1. This is a putative class action. Plaintiffs filed their Class Action Complaint (the "Complaint") on August 12, 2008, which asserts numerous causes of action, including claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., violations of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, et seq., fraudulent omissions, breach of contract, and tortious breach of the implied covenant of good faith and fair dealing. The Court recently dismissed the breach of contract and tortious breach of the implied covenant of good faith and fair dealing claims. The Complaint seeks a variety of equitable remedies and damages.

**Plaintiffs' Statement**

1. Plaintiffs, individually and on behalf of the proposed classes, allege that Defendants failed to disclose important material information in connection with the Option Adjustable Rate Mortgage loans ("Option ARM") Defendants sold to Plaintiffs and other consumers. Plaintiffs allege that the loan documents Defendants used to sell the Option ARM loans violate TILA. Plaintiffs contend that TILA requires all lenders, including Defendants, to make certain disclosures to borrowers concerning the terms and conditions of their home loans in a clear and conspicuous manner. Plaintiffs allege that Defendants failed to clearly and conspicuously disclose, in their loan documents and in the federally required TILA disclosure statements: (i) the actual interest rate Defendants charged Plaintiff and consumers on their loans; (ii) that payments on the notes at the initial low interest rate would absolutely result in negative

amortization and that the principal balance absolutely would increase as a result; and (iii) that the initial interest rate provided was discounted and does not reflect the actual interest that Plaintiffs and others, were paying on the loans.  Defendants also failed to provide to Plaintiffs the low interest rate in the manner agreed to by the Parties.

2. Plaintiffs, individually and on behalf of the Class, seek an order declaring that Defendants violated TILA, 15 U.S.C. § 1601, et seq.; that Plaintiffs have a right to rescind pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; and for an order rescinding Plaintiffs' individual mortgage; and for an order awarding other relief as the court deems just and proper.  Plaintiffs also seek an order awarding Plaintiffs and Class members damages, restitution, and for declaratory and injunctive relief under Plaintiffs' state law claims for violation of the UCL and fraudulent omissions, and such other relief as is just and proper.  Plaintiffs also seek litigation costs and attorneys fees.

**Defendants' Statement**

1. Defendants deny that they are liable to Plaintiffs in any respect.

2. Defendants contend that Plaintiffs' claims that Defendants committed violations of TILA entitling them to rescission or damages, violated the UCL, or committed fraudulent concealment are wholly without merit.  Defendants did not originate Plaintiffs' loan or the putative class members' loans.  The terms of Plaintiffs' loans were properly disclosed and Plaintiffs knowingly and voluntarily agreed to those terms.

Defendants will show that Plaintiffs can establish neither liability or damages and all of these claims will fail.

IV. Orders Re Amendments To Pleadings.

1. At this time, the parties do not anticipate any amendment of the pleadings. However, Plaintiffs anticipate that if a class is certified, they will seek to amend their complaint to include the subsequent purchasers of the loans of currently absent class members. Defendants believe addition of new parties after class certification would be inappropriate.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. Plaintiffs, Elvin Valenzuela and Phyllis Valenzuela, at the time of the loan transaction, were residents of the Eastern District of California, Fresno Division.

2. Plaintiffs received an option ARM loan from American Home Mortgage Acceptance, Inc., on or about June 23, 2005.

3. Defendant American Home Mortgage Investment Trust 2005-2 presently holds Plaintiffs' Option ARM loan as part of a pool of securitized loans as an assignee.

4. Defendant Deutsche Bank National Trust Company is the indenture trustee under the mortgage pool for American Home Mortgage Investment Trust 2005-2.

5. The Valenzuelas' loan is current.

B. Contested Facts.

Plaintiffs' Statement

1. Whether Defendants failed to disclose that

negative amortization was certain to occur.

    2. Whether Defendants failed to disclose clearly that the initial interest rate was discounted.

    3. Whether Defendants failed to disclose clearly that the initial interest rate would not apply for more than one month.

    4. Whether Defendants failed to disclose clearly the loan's true cost.

    5. Whether Defendants' loan documents failed to disclose material facts regarding the terms of Plaintiffs' Option ARM loan.

**Defendants' Statement**

    1. Whether Plaintiffs or any putative class members actually and reasonably relied on any allegedly improper disclosures.

    2. Whether Defendants made any disclosures to Plaintiffs or the putative class members, and whether they had any duty to do so.

    3. What information did plaintiffs and putative class members have or review regarding the nature of the loans they entered into.

    4. Did any Defendants' actionable conduct proximately cause Plaintiffs or any putative class member any injury.

    5. Whether Plaintiffs or class members' loans have been repaid, modified, foreclosed or otherwise altered by agreement or operation of law in bankruptcy.

    6. Whether any applicable statutes of limitation bar the claims of Plaintiffs or any putative class members.

7.   Whether any statute of limitation tolling doctrine
applies to the claims of Plaintiffs or any putative class
members.
                8.   Whether Plaintiffs and the putative class members'
claims satisfy the requirements of Federal Rule of Civil
Procedure 23(a) and 23(b)(3).
VI.  Legal Issues.
     A.   Uncontested.
          1.   Jurisdiction exists under 28 U.S.C. § 1331 and the
Truth in Lending Act.
          2.   Venue is proper under 28 U.S.C. § 1391.
     B.   Contested.
          <u>Plaintiffs' Statement</u>
          1.   Whether Defendants' loan documents violated TILA,
15 U.S.C. § 1601, et seq.
          2.   Whether Defendants engaged in unfair business
practices aimed at deceiving Plaintiffs and Class members before
and during the loan application process.
          3.   Whether Defendants, by and through their officers,
employees, and agents failed to disclose that the interest rate
actually charged on these loans was higher than the rate
represented and promised to Plaintiffs and Class members.
          4.   Whether Defendants, by and through their officers,
employees and agents concealed, omitted and/or otherwise failed
to disclose information they were mandated to disclose under
TILA.
          5.   Whether Defendants failed to disclose the true
variable nature of interest rates on the Option ARM loans.

6. Whether Defendants failed to properly disclose the process by which negative amortization occurs, ultimately resulting in the recasting of the payment structure over the remaining lifetime of the loans.

7. Whether Defendants' had a duty to disclose and failed to disclose that if Plaintiffs made payment according to the payment schedule in TILDS, negative amortization was certain to occur.

8. Whether the facts Defendants failed to disclose concerning Plaintiffs' Option ARM loan were material.

9. Whether Defendants were aware of their fraudulent omissions and intended to deceive Plaintiffs and Class members.

10. Whether Plaintiffs relied on Defendants' fraudulent omissions in deciding to enter into the Option ARM loan.

11. Whether Defendants' scheme misleadingly portrayed or implied that these loans were fixed rate loans, when Defendants knew that only the periodic payments were fixed (for a time) but that interest rates were not "fixed."

12. Whether Defendants' loan documents are "unlawful," "unfair," and "fraudulent" under the UCL.

13. Whether the terms and conditions of Defendants' Option ARM home loans are unconscionable.

<u>Defendants Statement</u>

1. Whether Plaintiffs or any putative class members received disclosure statements compliant with TILA and Regulation Z.

2. Whether any alleged failure of compliance was

evident on the face of the disclosure statements within the meaning of 15 U.S.C. § 1641(a).

    3. Whether Defendants may be held vicariously liable under any theory for TILA violations allegedly committed by others in the origination of the Plaintiffs' and putative class members' loans.

    4. Whether either Defendant committed any act that was unlawful, unfair, or deceptive in a manner that caused harm to Plaintiffs or the putative class.

    5. Whether Defendants can be held vicariously liable under the UCL for third parties' actions.

    6. Whether Defendants had any duty of disclosure and, if so, the extent of that duty.

    7. Whether Defendants can be held vicariously liable for third parties' alleged failure to disclose.

    8. Whether Plaintiffs' claims or putative class member claims are barred by applicable statutes of limitation.

    9. Whether Plaintiffs and the putative class members' claims satisfy the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).

VII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

    1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with

8

its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1. The parties agree that initial disclosures should be exchanged pursuant to Fed. R. Civ. P. 26(a)(1) within the time prescribed by the Rule.

    2. In addition to discovery concerning Plaintiffs' individual claims, Plaintiffs will be seeking discovery related to class certification, including the loan documents used by American Home Mortgage Investment Trust 2005-2 ("AHMIT 2005-2") and Deutsche Bank National Trust Company's ("Deutsche Bank") assignor, American Home Mortgage Acceptance, Inc., during the Class Period, and information necessary for Plaintiffs to establish numerosity. Plaintiffs will also be seeking discovery related to AHMIT 2005-2 and Deutsche Bank's practices and conduct in connection with the formulation, development and implementation of the Option ARM loans at issue. At this time, Plaintiffs agree to limit discovery to issues relevant to Plaintiffs' individual claims and issues relevant to class certification.

    3. Defendants agree that discovery should be limited to issues relevant to Plaintiffs' individual claims and class certification unless and until a class is certified.

    4. Defendants have not reviewed specific discovery requests from Plaintiffs. They may dispute that some, or much, of the discovery Plaintiffs seek, particularly discovery about other alleged assignees of securitized loans, is proper. This

may result in the need for the Court's assistance.

### Completion of Initial Discovery, Proposed Class Certification Briefing Schedule, and Proposed Schedule for Dispositive Motions.

#### Merits Discovery.

5. The parties agree that merits discovery should close on April 16, 2010.

#### Expert Discovery.

6. The parties agree that initial expert disclosures should be made on May 13, 2010, and that rebuttal expert disclosures should be made on June 10, 2010. Expert discovery should be completed by August 10, 2010.

#### Class Certification Briefing Schedule.

7. Plaintiffs intend to file a motion for class certification. Plaintiffs believe they will be able to file their motion on or before September 16, 2009. Plaintiffs believe that Defendants' opposition should be filed 28 days thereafter, that Plaintiffs' reply should be filed 28 days after the opposition and that the hearing should be held 2 weeks after the briefing is completed, or whenever it is convenient for the Court.

8. Defendants do not object to Plaintiff's proposed date of September 16, 2009, as the deadline to move for class certification and agree that Defendants should have 28 days to file an opposition. However, Defendants believe 28 days for Plaintiffs' reply is excessive and thus propose that Plaintiffs file their reply within 14 days instead. Defendants agree that the hearing should be held 2 weeks after briefing is completed or

whenever it is convenient for the Court.

**Dispositive Motions**.

9. The parties agree that dispositive motions should be made no later than September 15, 2010.

**Discovery of Electronically Stored Information**.

10. The parties have agreed to meet and confer on a protocol that will govern the production of Electronically Stored Information in accordance with the Federal Rules of Civil Procedure. The parties intend to submit such a protocol in the form of a case management order.

**Privilege or Work Product Issues**.

11. At present, the parties are not aware of any issues relating to claims of privilege or work product. To the extent such issues arise in the future, the parties will confer to address them and, if necessary, bring them to the attention of the Court.

**Limitations on Discovery**.

12. In light of the potential for additional defendants to be added to this action if a class is certified (i.e., other assignees of Class members' Option ARM loans), Plaintiffs believe that the 10 deposition and 25 interrogatory limits are inappropriate in this case. In light of the number of potential defendants, Plaintiffs propose that each party be permitted to take a maximum of 25 fact witness depositions pursuant to Fed. R. Civ. P. 30(a)(2) (expert depositions shall be treated separately and shall be limited to one deposition of each designated expert and rebuttal expert). Plaintiffs further propose that each party be permitted to serve 25 interrogatories on each opposing party.

13. Defendants dispute that additional defendants should be added after class certification as proposed by plaintiffs, and do not believe that any discovery accommodations should be made on that basis. Defendants contend that the standard limitations for discovery set forth in the Federal Rules of Civil Procedure are appropriate. If either party contends additional discovery is needed, that party should not be permitted to exceed the limits established by the Federal Rules absent a showing of particularized need.

**Other Orders**.

14. At present, the parties do not propose that this Court enter any other orders under Fed. R. Civ. P. 16 or 26(c). The parties expect that a confidentiality order is appropriate. The parties will meet and confer about a proposed Stipulated Protective Order and, if necessary, the parties will file an appropriate motion seeking its entry.

**The Court Orders**:

1. The parties shall file their initial disclosures under Rule 26 on or before May 8, 2009.

2. With regard to the class certification schedule, the parties shall limit discovery to class certification issues and Plaintiffs shall file their class certification motion on or before September 16, 2009. Defendants shall file their opposition on or before October 14, 2009. Plaintiffs' reply shall be filed on or before November 12, 2009. The hearing shall be held on December 7, 2009.

3. A Further Scheduling Conference will be held following the ruling on the class certification motion to schedule the

balance of the case.

4. The parties are ordered to complete all expert discovery on or before August 13, 2010.

5. The parties are directed to disclose all expert witnesses, in writing, on or before May 13, 2010. Any rebuttal or supplemental expert disclosures will be made on or before June 14, 2010. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

6. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X. Motions - Hard Copy.

1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII. Trial.

1. Plaintiffs demand a jury. Defendants do not demand a

jury.

   2.   Counsels' Estimate Of Trial Time:

        a.   At this time, trial length will depend upon the outcome of the class certification motion. This issue will be addressed in a supplemental scheduling order.

   3.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

   1.   The parties agree to private mediation. They will notify the Court any time they believe a settlement conference would be helpful.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

   1.   Not requested at this time.

XVI. Related Matters Pending.

   1.   Plaintiffs have compiled the list of cases below. Defendants have not been able to analyze whether or not these cases are related, and do not agree that they are.

<u>EASTERN DISTRICT OF CALIFORNIA</u>

| <u>Case Name</u> | <u>Civ. No.</u> |
|---|---|
| Nelson v. Guild Mortgage Company | 1:08-cv-0678 OWW |
| Campbell v. Soma Financial, Inc. | 1:08-cv-0170 OWW |
| Quezada v. Loan Center of California, Inc. | 2:08-cv-0177 WBS |
| Vang, et al. v. Home Loan Funding, Inc. | 1:07-cv-1454 AWI |
| Bowman v. Mortgagetree Lending, Inc. | 1:08-cv-0119 AWI |
| Hill v. U.S. Financial Mortgage Corporation | 1:08-cv-0235 AWI |
| Nava v. VirtualBank | 2:08-cv-0069 FCD |

*///*

| | | |
|---|---|---|
| 1 | **CENTRAL DISTRICT OF CALIFORNIA** | |
| 2 | Boisjolie v. SBMC Mortgage | 2:07-cv-5521 AG |
| 3 | Saavedra v. GMAC Mortgage, LLC, et al. | 2:07-cv-7050 AG |
| 4 | Conder v. Home Savings of America, et al. | 2:07-cv-7051 AG |
| 5 | Krumme v. American Mortgage Network | 2:07-cv-7048 AG |
| 6 | Valencia v. Home Savings Mortgage | 2:07-cv-7049 AG |
| 7 | Schwartz v. Benchmark Lending Group | 2:08-cv-0781 AG |
| 8 | Welch v. Casa Blanca Mortgage, Inc. | 2:08-cv-0783 AG |
| 9 | Marshell v. IMPAC Funding Corp. | 5:07-cv-1290 AG |
| 10 | Soloko v. Western Capital Mortgage | 8:08-cv-0012 AG |
| 11 | Love v. First Mortgage Corporation | 5:08-cv-0060 AG |
| 12 | Rohrmann v. First Metropolitan Funding | 2:08-cv-0313 AG |
| 13 | Bagsby v. Stearns Lending, Inc. | 2:08-cv-0674 AG |
| 14 | Bigverdi v. Countrywide Bank FSB | 2:07-cv-3454 AHS |
| 15 | Ly v. Gateway Business Bank | 2:07-cv-3772 AHS |
| 16 | Carroll v. Homecomings Financial LLC | 2:07-cv-3775 AHS |
| 17 | Boschma v. Home Loan Center, Inc. | 8:07-cv-0613 AHS |
| 18 | Gamelin v. Homefield Financial, Inc. | 8:07-cv-0612 AHS |
| 19 | Spicer v. IndyMac Bank FSB | 2:07-cv-3456 AHS |
| 20 | Guadiz v. MortgageIt, Inc. | 2:07-cv-3782 AHS |
| 21 | Swan v. Steward Financial, Inc. | 2:07-cv-3459 AHS |
| 22 | Cohen v. SCME Mortgage Bankers, Inc. | 2:07-cv-3778 AHS |
| 23 | Dubose v. Just Mortgage, Inc. | 2:08-cv-0133 AHS |
| 24 | Garrison v. Greenpoint Mortgage Funding | 2:07-cv-6490 AHS |
| 25 | Solof v. Washington Mutual Bank | 2:07-cv-3451 R |
| 26 | Yniguez v. Washington Mutual Bank | 2:07-cv-3137 R |
| 27 | Velazquez v. GMAC Mortgage Corporation | 2:08-cv-5444 DDP |
| 28 | Jackson v. Nationwide Discount Homeloans | 5:08-cv-0063 AG |

| | |
|---|---|
| Hill v. California Empire Financial | 5:08-cv-0056 VAP |
| Peel v. Brooks American Mortgage Corp. | 8:08-cv-0049 JVS |
| Tijerina v. American First Real Estate | 5:08-cv-0055 SGL |

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| O'Donnell v. Bank of America Corp. | 5:07-cv-4500 RMW |
| Plascencia v. Lending 1st Mortgage | 4:07-cv-4485 CW |
| Jordan v. Paul Financial, LLC | 3:07-cv-4496 SI |
| Amparan v. Plaza Home Mortgage | 5:07-cv-4498 JF |
| Mandrigues v. World Savings, Inc. (certified for multi-district treatment. The MDL transferee court is the Northern District of California, Hon. Jeremy Fogle.) | 5:07-cv-4497 JF |
| Ralston v. Mortgage Investors Group | 5:08-cv-0536 JF |
| Brooks v. ComUnity Lending, Inc. | 5:07-cv-4501 JF |
| Romero v. First Magnus Financial | 5:07-cv-4491 JF |
| Lymburner v. U.S. Financial Funds, Inc. | 3:08-cv-0325 EDL |

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Christian v. American Sterling Bank | 3:08-cv-0090 LAB |
| Pence v. Union Fidelity Mortgage, Inc. | 3:08-cv-0089 WQH |

**STATE COURT**

| | |
|---|---|
| Romero v. Bank of America | C-07-04500 (Fruin)/LASC |

XVII.  Compliance With Federal Procedure.

   1.  The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

*///*

**XVIII.   Effect Of This Order.**

   1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

   3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **April 20, 2009**               **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE