Lee A. Weiss (admitted *pro hac vice*)
lweiss@bwgfirm.com
Rebecca Tingey (admitted *pro hac vice*)
rtingey@bwgfirm.com
**BROWNE WOODS GEORGE LLP**
49 West 37th Street, 15th Floor
New York, NY 10018
Telephone: 212.354.4901
Facsimile: 212.354.4904

David M. Arbogast (SBN 167571)
darbogast@law111.com
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
**ARBOGAST & BERNS LLP**
19510 Tarzana, CA 91356
Telephone: 818.961.2000
Facsimile: 818.654.5988

Attorneys for Plaintiffs and all others similarly situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ELVIN VALENZUELA and PHYLLIS VALENZUELA, individually and on behalf of themselves and all others similarly situated, | Case No. 08-CV-01179-OWW-SMS |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-2, AMERICAN HOME MORTGAGE SECURITIES LLC, WELLS FARGO BANK, N.A., DEUTSCHE BANK NATIONAL TRUST COMPANY and DOES 1 through 10, inclusive, | Complaint Filed:    August 12, 2008<br>Trial Date:            Not set |
| Defendants. | |

BROWNE WOODS GEORGE LLP, 49 WEST 37TH STREET, NEW YORK, NEW YORK 10018

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge that, to the extent that submissions containing Protected Material (as defined below) need to be filed with the Court, the Parties shall follow the relevant procedures contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

A document may be designated "Confidential" when it contains private or business information that would be protected under the constitutional, statutory, or common law rights to privacy, or when it contains trade secret information, including but not limited to non-public business or financial strategies, business plans, strategic plans, marketing plans, marketing surveys and contracts or agreements.

## 2.   DEFINITIONS

2.1   Party:  any party to the above-captioned action currently pending in the Eastern District of California.

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, deposition or court testimony or transcripts, affidavits or declarations, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.4   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

BROWNE WOODS GEORGE LLP, 49 WEST 37TH STREET, NEW YORK, NEW YORK 10018

2.5     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.6     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

2.7     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including the attorneys' support staff.

2.8     In-House Counsel:  attorneys who are employees of a Party, including the attorneys' support staff.

2.9     Counsel (without qualifier):  Outside Counsel and In-House Counsel.

**3.      SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (i) any information reproduced, copied or extracted therefrom, (ii) all copies, excerpts, summaries, or compilations thereof, and (iii) testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.  This Order shall be fully applicable to material produced by or testimony taken of third parties or non-parties, and any third party from whom discovery is sought shall be entitled to designate material and testimony as Protected Material pursuant to the terms of this Order.

**4.      DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates Disclosure or Discovery Material as "Confidential" under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate as "Confidential" only those parts of Disclosure or Discovery Material that qualify, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or to have been made for an improper purpose (*e.g*., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Producing Party's or a non-party's attention that Disclosure or Discovery Material that it designated as "Confidential" does not qualify for protection, that Producing Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation and must provide copies of the documents and/or materials without the "CONFIDENTIAL" stamp within fifteen (15) days after said notification.  In the event that a Receiving Party believes a "Confidential" designation is unwarranted, the Receiving Party must adhere to the provisions of Section 7, *infra*, to resolve the dispute.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g*., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated as "Confidential" before the material is disclosed or produced.  Nothing in this Order concerning designation for protection, however, shall be interpreted as controlling the form of production of any material by any Party or non-party.

Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party stamp only those pages of the subject document that contain Disclosure or Discovery Material that qualifies for protection under this order "CONFIDENTIAL."  The "CONFIDENTIAL" stamp shall be affixed to materials in a manner which does not obscure any information on the subject documents.  If only a portion or portions of the material on a page qualifies as "Confidential," the Producing Party also must clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

3

1  material it would like copied and produced. During the inspection and before the designation, all

2  of the material made available for inspection shall be deemed "Confidential."  After the

3  inspecting Party has identified the documents it wants copied and produced, the Producing Party

4  must determine which documents, or portions thereof, qualify for protection under this Order.

5  Then, before producing the specified documents, the Producing Party must stamp only those

6  pages of the subject document that contain Disclosure or Discovery Material that qualifies for

7  protection under this order "CONFIDENTIAL," consistent with the requirements set forth in the

8  first paragraph of this subpart (a).

9              (b)      For testimony given in deposition or in other pretrial or trial proceedings,

10  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

11  close of the deposition, hearing, or other proceeding, all testimony to be designated as

12  "Confidential."  When it is impractical to identify separately each portion of testimony to be

13  designated as "Confidential" or when it appears that substantial portions of the testimony may

14  qualify as "Confidential," the Party or non-party that sponsors, offers, or gives the testimony may

15  invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20

16  days to identify the specific portions of the testimony as to which a "Confidential" designation

17  will be made.  Transcript pages containing Protected Material must be separately bound by the

18  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

19  instructed by the Party or non-party offering or sponsoring the witness or presenting the

20  testimony.  In the event that a Party intends to use portions or excerpts of transcripts prior to the

21  expiration of the twenty day (20) period, such Party shall give Counsel for the deponent forty-

22  eight hours (48) to designate said testimony or any portion thereof as "Confidential" within the

23  meaning of this Protective Order.

24       In the event that Protected Material is to be disclosed in a deposition as testimony or

25  through an exhibit, prior to making such disclosure, the Party proposing to do so shall inform the

26  witness on the record that the use of such Protected Material is subject to the terms of this Order.

27  If any person other than the witness is present at the deposition and does not come within the

28  categories of persons defined in paragraph 8.2 of this Order, that person shall not be permitted to

1    be present while Protected Material is used during the deposition.

2              (c)     For information produced in some form other than documentary, and for

3    any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

4    container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5    If only portions of the information or item warrant protection, the Producing Party, to the extent

6    practicable, shall identify the protected portions, specifying whether they qualify as

7    "Confidential."

8              5.3     Inadvertent Failures to Designate or Conflicting Designations.  If any

9    Protected Material is inadvertently provided to a Receiving Party without being stamped

10   "CONFIDENTIAL" in accordance with this Order, the Producing Party may thereafter designate

11   such materials as "Confidential," and the initial failure to so mark the material shall not be

12   deemed a waiver of its confidentiality.  The Producing Party shall notify all Parties in writing of

13   the corrected designation as soon as practicable.  Those individuals who reviewed the

14   misdesignated Protected Material prior to notice of the misdesignation by the Producing Party

15   shall abide by the provisions of this Order with respect to the use and disclosure of any

16   information contained in the misdesignated Disclosure or Discovery Material after receipt of the

17   notice of misdesignation.

18          In the event that a Producing Party produces two or more identical copies of a document

19   and any such copy is designated with a lesser degree of confidentiality than any other copy, all

20   such identical documents shall be treated in accordance with the most restrictive designation on

21   any copy once the inconsistent designation is known.  The Producing Party shall be responsible

22   for informing the Receiving Party of the inconsistent designation, provided, however, that if any

23   person subject to this Order receives such inconsistently-designated information and has actual

24   knowledge of the inconsistent designation, the person shall treat all copies in accordance with the

25   most restrictive designation and shall notify the Producing Party of the inconsistent designation as

26   soon as practicable.

27   **6.      INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

28          If a Producing Party inadvertently produces information or documents that it later

discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information or documents will not be presumed to constitute a waiver of any applicable privileges or other protections.  In these circumstances, the Producing Party must immediately notify all Parties in writing of the inadvertent production and the basis for the privilege or other protection from production and request in writing the return or confirmed destruction of the privileged or protected information.  Within five (5) days of receiving such notification, and in compliance with the Receiving Parties' ethical obligations under the law, all Receiving Parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof.

However, should a Receiving Party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the Receiving Party already had reviewed prior to receipt of the inadvertent production notification, the Receiving Party may temporarily retain one copy of the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted with the Court.  In the event of such a challenge, the contesting party will have the burden of making an appropriate motion to the Court and obtaining a hearing upon such motion.  At such hearing, the Producing Party shall have the burden for establishing the need for the document's confidential or privileged status.  Pending a determination from the Court, the inadvertently produced document at issue shall be treated as "Confidential" in accordance with the Producing Party's designation pursuant to this Order. Within two (2) business days of the issuance of a court order deeming the contested document privileged, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

7.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Procedure for Challenging Confidentiality Designations.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must follow the procedures in Local Rule 37-251.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case for the sole purposes of prosecuting, defending, or attempting to settle this action and for no other purposes. Such Protected Material may be disclosed by a Receiving Party only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     Disclosure of Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a)     the Parties and their parents and subsidiaries, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action, provided, however, the requirements of this paragraph 8.2 do not apply to (i) any Parties' receipt of its own Protected Material or, (ii) for any Plaintiff herein, any Protected Material received from a co-Plaintiff in this action or (iii) for any Defendant herein, any Protected Material received from a co-Defendant in this action;

(b)      the Parties' Outside Counsel, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(c)      the Parties' In-House Counsel and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(d)      the Court and court personnel, jury members, deposition officers, court reporters, and videographers used in connection with this litigation;

(e)      employees of outside copying, printing, binding, litigation support, mediators, computer input services, or other litigation support services vendor or contractor;

(f)      any person who is an author, original source of information, addressee, or intended recipient of, or who previously had access to, the Protected Material;

(g)      persons who have been retained by any Party (or by its Counsel) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(h)      deposition witnesses;

(i)      potential lay witnesses;

(j)      any other person as to whom the Party that designated the document or information as "Confidential" has consented to disclosure in advance; and;

(k)      such other persons as the Parties may agree or may be ordered by the Court.

8.3      Prior to disclosure of any material designated "Confidential" to any person described in this paragraph 8.2 subsections (g) through (k) hereof, such person shall be given a copy of this Order and shall sign an agreement in the form of Exhibit A attached hereto.  Such signed and completed agreement shall be retained by the attorneys of record for the disclosing Party.

8.4      Regardless of designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a

1    potential witness, Counsel may discuss such conduct or statements with such witness without

2    revealing any portion of the Protected Material other than that which specifically refers to such

3    conduct or statements, and such discussion shall not constitute disclosure within the terms of this

4    Order.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

**IN OTHER LITIGATION**

7         If a Receiving Party is served with a subpoena or an order issued in other litigation that

8    would compel disclosure of any information or items designated in this action as "Confidential,"

9    the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible)

10   immediately and in no event more than three (3) court days after receiving the subpoena or order.

11   Such notification must include a copy of the subpoena or court order.

12        The Receiving Party also must immediately inform in writing the party who caused the

13   subpoena or order to issue in the other litigation that some or all the material covered by the

14   subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a

15   copy of this Order promptly to the party in the other action that caused the subpoena or order to

16   issue.

17        The purpose of imposing these duties is to alert the interested parties to the existence of

18   this Order and to afford the Designating Party in this case an opportunity to try to protect its

19   confidentiality interests in the court from which the subpoena or order issued.  The Designating

20   Party shall bear the burdens and the expenses of seeking protection in that court of its Protected

21   Material, and nothing in these provisions should be construed as authorizing or encouraging a

22   Receiving Party in this action to disobey a lawful directive from another court.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

25   Material to any person or in any circumstance not authorized under this Order, the Receiving

26   Party must immediately (a) notify in writing the Designating Party of the unauthorized

27   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

28   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

1   (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order"

2   that is attached hereto as Exhibit A.

3       **11.     NON-WAIVER**

4       This Order shall not be deemed a waiver of:  (a) any Party's right to object to any

5   discovery request on any ground; (b) any Party's right to seek an order compelling discovery with

6   respect to any discovery request; (c) any Party's right at any proceeding herein to object to the

7   admission of any evidence on any ground; (d) any privilege or protective doctrine recognized

8   under federal or California law; or (e) any Party's right to claim that any information disclosed in

9   the Court in connection with this litigation is proprietary and/or otherwise barred from disclosure

10  or use for any purpose.

11      **12.     FINAL DISPOSITION**

12      Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days

13  after the final termination of this action, each Receiving Party must return all Protected Material

14  to the Producing Party at the Receiving Party's expense.  As used in this subdivision, "all

15  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

16  reproducing or capturing any of the Protected Material.  With permission in writing from the

17  Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

18  of returning it.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of

19  all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

20  product, even if such materials contain Protected Material.  Any such archival copies that contain

21  or constitute Protected Material remain subject to this Order as set forth in Section 4 above.

22      **13.     MISCELLANEOUS**

23      Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its

24  modification by the Court in the future.

25

26

27

28

1 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2 DATED: _____, 2009                **BROWNE WOODS GEORGE LLP**

3                                            By: _____
                                             Lee A. Weiss (admitted *pro hac vice*)
4                                            lweiss@bwgfirm.com
                                             Rebecca Tingey (admitted *pro hac vice*)
5                                            rtingey@bwgfirm.com
                                             49 West 37th Street, 15th Floor
6                                            New York, NY 10018
                                             Telephone: 212.354.4901
7                                            Facsimile: 212.354.4904

8                                            David M. Arbogast (SBN 167571)
                                             darbogast@law111.com
9                                            Jeffrey K. Berns (SBN 131351)
                                             jberns@law111.com
10                                           **ARBOGAST & BERNS LLP**
                                             19510 Tarzana, CA 91356
11                                           Telephone: 818.961.2000
                                             Facsimile: 818.654.5988
12
                                             *Attorneys for Plaintiffs Elvin Valenzuela and*
13                                           *Phyllis Valenzuela*

14 DATED: _____, 2009                **SEVERSON & WERSON**

15                                           By: _____
                                             Michael J. Steiner
16                                           mjs@severson.com
                                             Regina J. McClendon
17                                           rjm@severson.com
                                             Erik Kemp
18                                           ek@severson.com
                                             A Professional Corporation
19                                           One Embarcadero Center, Suite 260
                                             San Francisco, California 94111
20                                           Telephone: 415.398.3344
                                             Facsimile: 415.956.0439
21
                                             *Attorneys for Defendants Deutsche Bank*
22                                           *National Trust Company, and American*
                                             *Home Mortgage Investment Trust 2005-2*
23
24 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25 DATED: 7/1/2009                           /s/ OLIVER W. WANGER_____
                                             Hon. Oliver W. Wanger
26                                           United States District Judge

27

28

1

## EXHIBIT A

2

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3      The undersigned hereby acknowledges and declares, subject to the penalty of perjury, that

4 he or she has received a copy of the Stipulated Protective Order in the matter of *Elvin Valenzuela*

5 *and Phyllis Valenzuela v. American Home Mortgage Investment Trust 2005-2, et al.,* No. 08-CV-

6 01179-OWW-SMS and has read such Stipulated Protective Order.  The undersigned agrees to be

7 bound by all of the terms of the Stipulated Protective Order, and further agrees that the United

8 States District Court for the Eastern District of California may exercise jurisdiction over him or

9 her to enforce such Stipulated Protective Order, as necessary.

10 Dated: _____, 2009      _____

11                                          [Print Name]

12                                          _____

13                                          [Signature]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. 08-CV-01179-OWW                                      STIPULATED PROTECTIVE ORDER

1